FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 18 AM 8:56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK S. STOKES, JR. | CIVIL ACTION |
| VERSUS | NO. 05-4032<br>c/w 05-5030 |
| DAYBROOK FISHERIES, INC. | SECTION "N" (4) |

### ORDER AND REASONS

Presently before the Court is the "Motion of Claimants, Mark A. Stokes and Christine Stokes, to Lift or Modify Stay" (Rec. Doc. No. 15-1). For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**. This ruling is without prejudice, however, to Claimants' right to re-submit their motion after revising their stipulations in accordance with this Order.

### Background

Mark Stokes and Jack Stokes, Jr., allege injuries arising from an incident that occurred on August 19, 2003, aboard the M/V Mary Judith, which is a vessel owned and operated by Daybrook Fisheries, Inc. On April 20, 2005, Mark A. Stokes and Christine Stokes filed suit against Daybrook in the United States District Court for the Southern District of Mississippi.[1] On

---

[1] *See Mark A. Stokes and Christine Stokes v. Daybrook Fisheries, Inc., et al.*, No. 1:05cv171 LG-RHW (S.D. Miss.).



August 22, 2005, Jack Stokes filed the instant action against Daybrook in this Court. Thereafter, Daybrook filed a limitation action in this Court on October 24, 2005.[2]

On November 23, 2005, this Court entered an injunction staying litigation of all claims, given the institution of the limitation action. The two actions pending in this Court were then consolidated on January 17, 2006. On March 1, 2006, Claimants Mark A. Stokes and Christine Stokes filed an answer to the limitation action. On June 2, 2006, Mark A. Stokes and Christine Stokes filed this motion, which asks the Court to lift the stay of litigation imposed as a result of the limitation proceeding, so that they may pursue their claims in the Southern District of Mississippi pursuant to the savings to suitors clause.

### Analysis

A stay imposed as part of a limitation proceeding may be lifted to allow litigation in another forum under certain circumstances. *See, e.g., Texaco, Inc. v. Williams*, 47 F.3d 765, 767-770 (5th Cir.), *cert. denied*, 516 U.S. 907, 116 S. Ct. 275 (1995). When multiple claimants seek recovery from a fund (equal to the value of the vessel in question) that is inadequate to satisfy the claims in full, *all* claimants must join in stipulations designed to protect the shipowners' rights under the Limitation Act before litigation outside of the limitation action is permissible. *See, e.g., In re Tidewater, Inc.*, 249 F.3d 342, 344-48 (5th Cir. 2001).

Here, all of the claimants -- Mark Stokes, Christine Stokes, and Jack Stokes, Jr. -- have submitted eight stipulations with their motion.[3] Daybrook argues, in its opposition

---

[2] *See In re Daybrook Fisheries, Inc.*, Civil Action No. 05-5030.

[3] *See* Stipulations, Exhibit 1 to Motion of Claimants, Mark A. Stokes and Christine Stokes to Lift or Modify Stay (Rec. Doc. No. 15).

memorandum, that the stipulations are inadequate because:

    1. They do not address Daybrook's right to exoneration;

    2. They do not address the specific prioritization of the Stokes' respective claims;

    3. They do not stipulate that claimants will not enforce **any and all** judgments until the adjudication of the limitation is complete; and

    4. Some of the stipulations are conditional rather than absolute.[4]

Daybrook's first objection, regarding exoneration, fails. The Fifth Circuit has determined that an exoneration stipulation is not required. *Tidewater*, 329 F.3d at 346. Daybrook's fourth objection concerns conditional language in certain unspecified stipulations. Assuming it is to the last sentence in Stipulations 4, 5 and 8 to which Daybrook objects, the objection fails. The purpose of the stipulations is to protect shipowners' rights under the Limitation Act. Thus, if those protections ultimately are found to be inapplicable, the stipulations no longer are appropriate.

As the Court understands them, Daybrook's second and third objections are related, and seek protection for Daybrook against competing judgments that may be rendered at different times. Regarding priority of claims, the Fifth Circuit has explained that "a stipulation to payment on a pro rata basis adequately prioritizes the claims." *Tidewater*, 249 F.3d at 347. On this point, the Court notes that, as Claimants emphasize, Stipulation 5 states: "claims of the Claimants shall be prioritized among the Claimants in proportion to the amount of the respective claims of the Claimants, duly proved." Further, regarding judgments rendered at different times and prior to completion of the limitation proceeding, Stipulation 2 provides that, "in no event will the Claimants

---

[4] *See* Memorandum in Opposition to Motion of Claimants, Mark A. Stokes and Christine Stokes, to Life or Modify Stay (Rec. Doc. No. 11).

3

seek to enforce any judgment beyond the alleged value of the vessel and her pending freight unless and until this District Court establish a higher value or denies Daybrook's right to limitation of liability."

Although the cited language in Stipulations 2 and 5 arguably adequately addresses the concerns raised by Daybrook's second and third objections, the Court, in an abundance of caution, will require Claimants to amend Stipulation 5 in an attempt to provide increased clarity and certainty on these points. The stipulation should specifically state that none of Claimants' claims has priority over the other and shall be paid from the limitation fund on a pro rata basis. *Cf. Tidewater*, 249 F.3d at 345. Further, although it seems that the pro rata determination likely would necessitate such delay, Claimants are to add language stating that they will not attempt to enforce any judgments rendered by any court, regardless of the amount of the judgment, until the limitation action has been determined.

The Court instructs the Claimants to transmit a draft of their amended stipulations to Daybrook prior to re-filing their motion to lift the stay. If the amended stipulations satisfy the requirements of this Order, Daybrook is urged to promptly inform Claimants and the Court of the absence of opposition to the renewed motion to lift the stay. To the extent that Daybrook has any objections to the amended stipulations, the parties are strongly urged to make every effort to amicably resolve them before the motion to life the stay is re-filed.

### Conclusion

To ensure that the rights provided under the Limitation Act are properly protected, the Court will require amendment of the stipulations submitted by Claimants. Thus, the motion to

lift or modify the stay is denied without prejudice to Claimants' right to re-file the motion upon amendment of the stipulations in accordance with the requirements of this Order.

New Orleans, Louisiana, this 17th day of October 2006.

KURT D. ENGELHARDT
**United States District Judge**